1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

8  KENNETH PATRICK HIBBLER,

9      *Petitioner*,                                    3:07-cv-00467-RCJ-VPC

10  vs.                                                 ORDER

11

12  JAMES BENDETTI, *et al.*,

13      *Respondents*.

14

15      This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on

16  respondents' motion (#38) for an order for production of documents, petitioner's motion (#41)

17  to supplement the record, a *pro se* notice (#45) filed by the otherwise represented petitioner,

18  and petitioner's motion (#46) for an enlargement of time to file the reply.

19      Respondents' motion (#38) for an order for production of documents requested an

20  order to Lake's Crossing Center for the production of petitioner's competency evaluation.

21  Respondents believed that the evaluation would have been conducted there, and telephone

22  calls to the center seeking to obtain the evaluation had gone unanswered.  Petitioner

23  opposed the motion as futile on the basis that petitioner had never been to Lake's Crossing

24  Center, and petitioner requested that respondents be directed to answer on the existing

25  record.  A short time thereafter, petitioner filed the motion (#41) to supplement the record with

26  a copy of a competency evaluation found in defense counsel's files, which motion

27  respondents do not oppose.  Respondents since have answered, referring in their argument

28  to the recently-discovered evaluation.

It thus would appear that respondents' motion (#38) for an order for production of documents should be denied as moot and that petitioner's motion (#41) to supplement the record should be granted.

The *pro se* notice filed will be stricken.  Petitioner seeks in proper person to challenge the authenticity and veracity of the competency evaluation filed.  Following the appointment of counsel, petitioner may no longer file papers *pro se* in this matter.  The Court in any event does not consider stand-alone notices, letters, or similar documents filed by litigants as opposed to pleadings and motions.  The filing of a stand-alone notice is appropriate in only extremely limited circumstances, such as a notice of appearance by counsel.  Petitioner may communicate with the Court only through counsel.  Petitioner's counsel shall instruct his client accordingly.[1]

The motion (#46) for an extension of time to file the reply will be granted, subject to the following caveat.  Counsel refers in the extension motion to competing time demands in 2:09-cv-01117-GMN-RJJ.  As a general matter, absent extraordinary circumstances, extensions should be sought in the later-filed case so that the longer-pending cases on the Court's docket may be brought to a conclusion.  The present case now is over three years old.  No further requests for extension will be considered absent extraordinary circumstances.

IT THEREFORE IS ORDERED that respondents' motion (#38) for an order for production of documents is DENIED as moot and petitioner's motion (#41) to supplement the record is GRANTED, such that the Exhibit 42 submitted with the motion is recognized as part of the record before the Court on federal habeas review, subject to any properly-presented challenge to the authenticity or veracity of the document.

IT FURTHER IS ORDERED that the *pro se* notice (#45) filed by the represented petitioner seeking to file the paper in proper person is STRICKEN.

---

[1]Nothing herein reflects any implied determination as to whether the presentation of new or materially different allegations from those presented in the state courts will present an exhaustion issue.  The Court notes that the reply is not the proper vehicle for presenting unexhausted claims for the first time that were not raised in the petition, as amended.  New claims may be presented only via a motion for leave to amend.

1    IT FURTHER IS ORDERED that petitioner's motion (#46) for an enlargement of time

2  is GRANTED *nunc pro tunc*, such that the time for petitioner to file a reply to the answer is

3  extended up to and including November 6, 2010.

4    DATED: This 26th day of October, 2010.

5

6

7

8  _____
   ROBERT C. JONES
9  United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28